J-A06023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAREN OUTTERBRIDGE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF YHVETTA P. OUTTERBRIDGE, DECEASED | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : : | No. 1261 EDA 2024 |
| TRI-COUNTY EMERGENCY PHYSICIANS, LLC, WYNCOTE FAMILY MEDICINE, PC, SUZANNE SHORTEN, MD, KENNETH S. WEISS, DO, BRENT C. BEDDIS, DO, ABINGTON JEFFERSON HEALTH, ABINGTON HEALTH PHYSICIANS, ABINGTON OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, KATIE GARRELTS, MD, CHESTNUT HILL HOSPITAL, CHESTNUT HILL HOSPITAL, LLC, CHESTNUT HILL HEALTH SYSTEM, LLC, CHHS HOSPITAL COMPANY, LLC, READING HEALTH SYSTEM, TOWER HEALTH, AMANDA HOWELL, MD, TRI-COUNTY EMERGENCY PHYSICIANS AT CHESTNUT HILL HOSPITAL, ABINGTON HEALTH PHYSICIANS | : : : : : : : : : : : : : : : : : : : : : : : | |

Appeal from the Judgment Entered May 1, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 191200157

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MARCH 28, 2025**

_____

* Former Justice specially assigned to the Superior Court.

Appellant, Darren Outterbridge, individually and as administrator of the estate of Yhvetta P. Outterbridge, appeals from the judgment entered on May 1, 2024 in the Court of Common Pleas of Philadelphia County after the jury returned a verdict in favor of Appellees, Abington Memorial Hospital ("Abington"), Suzanne Shorten, M.D., Kenneth Weiss, D.O., and Brent C. Beddis, D.O., and the court denied his motion for a new trial. After careful review, we affirm on the basis of the well-reasoned opinion of the trial court dated September 12, 2024.

The trial court summarized the factual and procedural history of the case. **See** Trial Court Opinion, 9/12/24, at 1-6. Therefore, a detailed recitation of the underlying facts is unnecessary. It is sufficient for our disposition to state that Appellant initiated this medical malpractice action after his late wife passed unexpectedly on May 10, 2018 at the age of 39. Mrs. Outterbridge's cause of death, which the Philadelphia Medical Examiner's Office determined to be dilated cardiomyopathy, was disputed at trial. From 2009 to 2018, Mrs. Outterbridge treated with the Appellee primary care physicians at Wyncote Family Medicine, which is owned by Abington. Appellant alleges the Appellee physicians breached the standard of care by not referring Mrs. Outterbridge to a cardiologist for complaints of chest pain.

During the trial that took place from February 12 to March 1, 2024, the jury heard the testimony of expert witnesses and of the individual Appellee physicians, who maintained that they did not breach the standard of care

because they did not believe Mrs. Outterbridge's complaints of chest pain were cardiac. The jury credited this testimony and returned a verdict for Appellees.

Appellant filed a motion for a new trial, in which he alleged that "the jury's verdict resulted from erroneous and prejudicial evidentiary and legal rulings." Motion for New Trial, 3/11/24, at 4. The trial court denied Appellant's post-trial motion by order dated April 11, 2024. On May 10, 2024, Appellant filed a notice of appeal.

Appellant raises the following issues for our review:

1. Whether the trial court erred by improperly precluding [Appellant's] counsel from impeaching [Appellees'] expert cardiology witness, Eliott Gerber, MD, and Brent Beddis, DO, with standard literature, a Heart Rhythm Society/American Heart Association Expert Consensus Statement, that [Appellant's] expert had already authenticated, and which contradicted [Appellees'] witnesses' testimony.

2. Whether the trial court erroneously permitted [Appellees] to argue, over [Appellant's] objections, that they were vindicated by the actions of Mrs. Outterbridge's medical providers in other specialties who did not refer [Mrs. Outterbridge] to a cardiologist, including her treating gynecologist, creating the prejudicial and misleading impression that Mrs. Outterbridge's treating gynecologist and other specialists agreed that [Appellees] met the standard of care by not referring [Mrs. Outterbridge] to a cardiologist, and the Court further precluded [Appellant] from introducing testimony that refuted [Appellees'] argument, in particular testimony from Mrs. Outterbridge's treating gynecologist that if a patient needed an outpatient workup with a cardiologist she expected the patient's primary care physician would manage that referral.

3. Whether the trial court improperly denied [Appellant's] request for Abington Memorial Hospital to appear on the verdict sheet for the negligence of its staff despite the physician [Appellees] themselves offering testimony that its clerical staff may have negligently failed to follow protocol and provide the physician

- 3 -

[Appellees] with important faxes from outside sources regarding Mrs. Outterbridge's cardiac condition, thereby permitting the jury to conclude that none of the physician [Appellees] on the verdict sheet were liable for [Appellant's] harm.

4. Whether the trial court improperly granted [Appellees'] motion *in limine* and precluded [Appellant's] counsel from referring to or cross examining the [Appellee] doctors about their deposition testimony that their real-time, contemporaneous, rationale for assessing Mrs. Outterbridge's cardiac risk factors as being low despite her having a brother who suffered a premature sudden cardiac death included that they thought Mrs. Outterbridge's brother could have been a drug user.

5. Whether the trial court erroneously denied [Appellant's] motion *in limine* and allowed [Appellees] to introduce irrelevant questioning and evidence that [Appellant] continued to treat with [Appellees'] primary care practice group after his wife's death, and thereby permitted [Appellees] to misleadingly and prejudicially argue that Mr. Outterbridge was "lying" about this collateral and irrelevant issue, and that [Appellant's] entire case was untrustworthy and unmeritorious as a result of his continued treatment.

Appellant's Brief, at 6-8 (trial court answers omitted). Appellant maintains that a new trial is warranted based on these alleged errors. *See id.*, at 73-74.

"We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion[,]" which exists where "the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." *Risperdal Litig. W.C. v. Janssen Pharm., Inc.*, 174 A.3d 1110, 1117 (Pa. Super. 2017) (citations omitted).

Furthermore,

[d]ecisions regarding the admissibility of evidence are within the discretion of the trial court and will be reversed on appeal only if

the trial court abused its discretion or committed an error of law.… We will grant a request for a new trial based upon a trial court's evidentiary rulings only if those rulings not only are erroneous, but also are harmful to the complaining party.… Evidence is relevant if it logically tends to establish a material fact in the case, tends to make the fact at issue more or less probable, or supports a reasonable inference or presumption about the existence of a material fact.

*A.Y. v. Janssen Pharm. Inc.*, 224 A.3d 1, 21 (Pa. Super. 2019) (citation omitted).

Similarly, we review a trial court's decision regarding what is included on a jury verdict sheet for an abuse of discretion or an error of law. *See Seels v. Tenet Health Sys. Hahnemann, LLC*, 167 A.3d 190, 207-08 n.5 (Pa. Super. 2017); *see also Hyrcza v. West Penn Allegheny Health Sys., Inc.*, 978 A.2d 961, 968 (Pa. Super. 2009).

After careful consideration of the record, the parties' briefs, and the Honorable Angelo J. Foglietta's 28-page opinion dated September 12, 2024, we conclude Appellant's issues merit no relief. The trial court's opinion comprehensively disposes of the issues raised by Appellant, with citations to the record, and we discern no abuse of discretion or legal error.

Accordingly, we affirm on this basis of the September 12, 2024 opinion, which we have attached for the convenience of the parties.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/3/2023</u>